IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERL McKINNIE, # N-51640, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-682-MJR |
| | ) |
| WEXFORD HEALTH SOURCE, INC., | ) |
| MARC HODGES, BETH TREDWAY, | ) |
| PHILLIP MARTIN, DR. JOHN COE, | ) |
| NURSE WOODS, NURSE POTTS, | ) |
| NURSE BUCKLE, NURSE DOWTY, | ) |
| COUNSELOR HENTON, | ) |
| and LT. DALLAS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a four-year sentence for aggravated fleeing. Plaintiff is diabetic, and claims that Defendants were deliberately indifferent to his serious medical condition by refusing to provide him with necessary medication for approximately six weeks, and failing to test his blood for a month.

More specifically, Plaintiff claims that since his arrival at Lawrence on May 6, 2013, he spoke to Defendant Nurse Buckley on several occasions, informing her that he had not received either of his regular medications for diabetes (Doc. 1, pp. 4-5). Plaintiff was diagnosed with Type 1 diabetes in 2009 and has been taking Glycophage and Metformin regularly since that time, including during a nine-month period in 2012 when he had previously been housed at Lawrence. Plaintiff told Defendant Buckley he was feeling weak and had severe headaches, and

the pain and weakness was causing him to miss meals. She refused to allow him to visit the Health Care Unit ("HCU") for care, and said she had no medications for him.

Beginning on May 15, 2013, Plaintiff spoke to Defendant Nurse Potts approximately four times, asking her to help him get the needed medication, and explaining his headaches and weakness. She refused to allow Plaintiff to visit the HCU, and told him his medication was "under review" and he would have to wait and see the doctor (Doc. 1, p. 5). Both Defendant Buckley and Defendant Potts knew that Plaintiff was diabetic and had passed out medication to him during his 2012 stay at Lawrence.

Plaintiff wrote four requests to Defendant Martin (HCU administrator) in May and June concerning the failure to provide his diabetes medication, but got no response. He also wrote at least three requests to the Americans with Disabilities Act Coordinator, Defendant Nurse Dowty, requesting assistance, again without response. He contacted her because he is an amputee, having lost a leg in 1993 (Doc. 1, p. 5). Similarly, Plaintiff wrote to Defendant Henton (his counselor) several times to no avail. He spoke with Defendant Dallas (housing unit lieutenant) on numerous occasions, specifically telling Defendant Dallas he was afraid he would fall going to or from the dining room because of his weakness, so he was missing meals. Defendant Dallas did not contact the HCU or get Plaintiff anything to eat (Doc. 1, p. 6). Plaintiff missed between 35-45 meals over a six week period when he could not get to the dining room.

Plaintiff was given a one-week dosage of Metformin on June 12, 2013, but it was not replenished. He finally saw Defendant Dr. Cox on June 29, 2013, who told him that the HCU chart showed Plaintiff had been coming to the HCU to have his blood checked, but Plaintiff said this had not been done since his May 6, 2013, arrival (Doc. 1, p. 6). Defendant Cox said he did not think Plaintiff needed medication, but he would have Plaintiff's blood checked.

Plaintiff's blood check on June 5, 2013, showed he needed medication, however, he did not get any for another week and a half. It is not clear from the complaint whether Plaintiff has now been provided with regular diabetes medication.

Plaintiff claims the Defendants conspired to deny him his needed medications and were deliberately indifferent to his condition (Doc. 1, p. 9). He seeks damages as well as unspecified declaratory and injunctive relief (Doc. 1, pp. 11-12).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Martin, Coe, Woods, Potts, Buckle, Dowty, Henton, and Dallas, for deliberate indifference to medical needs **(Count 1)**. However, he fails to state a claim for conspiracy **(Count 2)** or for deprivation of food **(Count 3)**, and these counts shall be dismissed. In addition, the remaining Defendants shall be dismissed from the action without prejudice.

**Claims to be Dismissed**

Under the intracorporate conspiracy doctrine, a 42 U.S.C. § 1985 conspiracy claim "cannot exist solely between members of the same entity." *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). Plaintiff's allegations show that the Defendants are employees or agents of the same entity, the Illinois Department of Corrections, and that they were all working in the IDOC's interest. Therefore, the Defendants cannot be sued under § 1985 conspiracy. *See id. See also Wright v. Ill. Dep't Of Children and Family Servs.*,

40 F.3d 1492, 1508 (7th Cir. 1994). The conspiracy claim in Count 2 shall therefore be dismissed with prejudice.

The claim that Plaintiff was denied adequate food (Count 3) also fails to state a separate claim upon which relief may be granted. The denial of a significant amount of food may satisfy the objective portion of an Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 837 (1970). However, a denial of food is not a *per se* violation of the Eighth Amendment, and to determine whether a prisoner has suffered an objectively serious denial of food, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong). In Plaintiff's case, the number of meals he missed may be enough to satisfy the objective requirement for such a claim. However, the "denial" of food came about not directly, but indirectly through the failure of some Defendants to provide Plaintiff with his medications, which he alleges made him too weak to get to the dining area. Thus, the claim that Plaintiff could not eat because of deliberate indifference to his medical needs is necessarily included in Count 1.

Plaintiff says that Defendant Dallas did not provide him with food, after Plaintiff told him that he did not feel he was able to walk to the dining hall. However, this does not equate with a willful "withholding" of food. Nothing in the complaint indicates that Defendant Dallas (or any other Defendant) had the duty or responsibility to bring food to Plaintiff in his cell, nor that any Defendant had the requisite subjective intent to support an Eighth Amendment claim for depriving Plaintiff of adequate nutrition. Count 3 shall therefore be dismissed without

prejudice.

**Defendants to be Dismissed**

Defendant Wexford Health Source, Inc. ("Wexford"), is a corporation that employs the medical provider Defendants and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford. Therefore, Defendant Wexford shall be dismissed without prejudice.

Plaintiff makes no allegations against Defendants Hodges (Lawrence Warden) or Tredway (assistant warden), other than he sent them "kite(s)" at some unspecified time (Doc. 1, p. 9). He does not indicate what information was contained in those messages. The complaint does not suggest that these Defendants had sufficient information or involvement to have been personally, directly responsible for the deliberate indifference alleged by Plaintiff. Further, these Defendants' supervisory responsibilities do not establish liability in a civil rights case because the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that either Defendant Hodges or Defendant Tredway was "personally responsible for the deprivation of a constitutional right." *Id.* Accordingly, Defendants Hodges and Tredway shall be dismissed from this action without prejudice.

**Pending Motion**

Plaintiff's motion for service of process at government expense (Doc. 2) shall be **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below for those Defendants remaining in the action, but no service shall be made on the dismissed Defendants.

**Disposition**

**COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendants **WEXFORD HEALTH SOURCE, INC., HODGES,** and **TREDWAY** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **MARTIN, COE, WOODS, POTTS, BUCKLE, DOWTY, HENTON,** and **DALLAS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not

be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to

plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 5, 2013**

s/ MICHAEL J. REAGAN
United States District Judge
