IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BERL McKINNIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-0682-MJR-SCW |
| | ) | |
| PHILLIP MARTIN, | ) | |
| DR. JOHN COE, | ) | |
| KIM WOODS, | ) | |
| PATRICIA POTTS, | ) | |
| NURSE BUCKLE, | ) | |
| CLAUDIA DOWTY, | ) | |
| KLYE HENTON, | ) | |
| and ALLAN DALLAS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

On July 15, 2013, Berl McKinnie (Plaintiff), incarcerated at Lawrence Correctional Center, filed a pro se civil rights suit in this Court under 42 U.S.C. 1983. The complaint named eleven Defendants and alleged that Defendants were deliberately indifferent to Plaintiff's serious medical needs, conspired against him, and denied him adequate nutrition. On threshold review of the complaint under 28 U.S.C. 1915A, the undersigned Judge dismissed the conspiracy and nutrition claims, dismissed three Defendants, and directed the suit to proceed as to the deliberate indifference claims against the remaining eight Defendants. The case was referred to the Honorable Stephen C. Williams, United States Magistrate Judge, for pretrial proceedings.

Service waivers were sent to (and returned executed from) Defendants. Between September 24, 2013 and October 7, 2013, Defendants filed answers and a jury demand. On October 10, 2013, Plaintiff filed a "Motion for Enlargement of Time" (Doc. 36), asking this Court for additional time in which to respond to "defendant's Motion to Dismiss (Doc. 28) filed on 9-24-13" and also requesting a temporary restraining order to compel the prison law librarian to provide Plaintiff access to the law library to do research needed on Defendant's motion.

Judge Williams promptly denied Plaintiff's October 10th motion as moot, reasoning that: (a) review of the docket sheet showed no motion to dismiss pending, so there was no response or other brief owed by Plaintiff; (b) to the extent Plaintiff sought a temporary restraining order to obtain access to the law library to work on a response to the dismissal motion, "as the Court previously stated, there is no such motion pending," and "it does not appear to the Court that Plaintiff is being denied the minimal constitutional access to the law library" (Doc. 39, p. 2); and (c) if Plaintiff wishes to claim that he is being denied a constitutional right related to law library access, "he would need to file a new § 1983 case on those claims after fully exhausting his administrative remedies" (*id.*, pp. 2-3).

On November 12, 2013, Plaintiff filed an "Objection" (Doc. 41) to Magistrate Judge Williams' October 28, 2013 Order. The objection is properly construed as an appeal to the undersigned District Judge. 28 U.S.C. 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Southern District of Illinois Local Rule 73.1(a) authorize a party to appeal a Magistrate Judge's nondispositive pretrial ruling to a District Judge.

The "appeal" to the District Judge must be taken within 14 days after issuance of the Magistrate Judge's challenged order. **FED. R. CIV. P. 72(a); S.D. ILL. LOCAL RULE 73.1(a).** The District Judge shall reconsider and modify or set aside any portion of the order that is clearly erroneous or contrary to law. *Id. See also* 28 U.S.C. 636(b)(1)(A); *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 760 (7th Cir. 2009).

The "contrary to law" standard requires the district judge to ascertain whether the magistrate judge applied the correct legal standards, such as the relevant caselaw, statutes, and procedural rules. The "clearly erroneous" standard is extremely deferential; it is satisfied only if, viewing the entire evidence that was before the magistrate judge, the district judge is "left with the definite and firm conviction that a mistake has been made." *See, e.g., Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 953 (7th Cir. 1997). *See also Pinkston v. Madry,* 440 F.3d 879, 888 (7th Cir. 2006)(noting, **in a slightly different context, that the "clearly erroneous" standard does not allow reversal simply because the reviewing court/judge would have decided the issue differently; clear error "will only be found to exist where the 'reviewing court … is left with the definite and firm conviction that a mistake has been committed.'").**

Having carefully reviewed the record, the undersigned concludes that Judge Williams' October 28, 2013 ruling was neither clearly erroneous nor contrary to law. There is no dismissal motion pending which requires any research by or response from Plaintiff. The document Plaintiff referenced by "Doc." number (Doc. 28) is a September 24, 2013 answer by Defendant Potts, which contained an affirmative defense. But, to

date, Defendant Potts has not moved to dismiss (or moved for summary judgment) based on that affirmative defense.

Indeed, no deadline for dispositive motions has even been set at this early point in the litigation. So, Judge Williams' correctly declared that there was no pending motion for Plaintiff to respond to, and no reason for him to *extend* any deadline for filing that response. The request to enlarge Plaintiff's response deadline was moot. Nor did Judge Williams clearly err or apply any incorrect legal standard or rule in finding moot Plaintiff's request that the Court issue a temporary restraining order compelling the prison administration to grant him more access to the law library so that he could research and draft his responsive brief. Nothing was pending that required any response. Plaintiff simply seemed to mistakenly believe that a dismissal motion had been filed to which he owed a responsive pleading. Judge Williams' Order noted that prisoners "do not have a constitutional right to browse in a law library," and there was no motion requiring any specific research to be conducted or brief to be filed by Plaintiff (Doc. 39, p. 2).

In his appeal from Judge Williams' ruling, Plaintiff reminds the undersigned that prisoners have a constitutionally protected right to access the law library. This, of course, is true. ***See, e.g., Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Bounds v. Smith,* 430 U.S. 817, 821 (1977).*** Plaintiff further points out that "even a trained lawyer cannot prepare effective responses without adequate access to law books" (Doc. 41, p. 1), and "the rules of the court allow only a very limited amount of time in which to respond to

pleadings" (*id.*, p.2).  This, too, is true, but there is no response needed (or appropriately filed) by Plaintiff at this point in the case.

Plaintiff's diligence in endeavoring to comply with Court deadlines and rules is to be commended.  However, there is no defense motion pending, no deadline to extend, no timetable to enlarge, and no pleading for Plaintiff to respond to at this time.  Judge Williams' October 28, 2013 Order reaching the same conclusion was not clearly erroneous and was not contrary to law.  For these reasons, the Court **DENIES** and **DISMISSES** Doc. 41, Plaintiff's Objection to (construed as an appeal from) Judge Williams' October 28, 2013 Order.

IT IS SO ORDERED.

DATED November 19, 2013.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge
